IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| Romeo Casino Hardin )<br>ROMEO CASINO HARDIN© )<br>            )<br>        Petitioner,   )<br>            )<br>    v.        )<br>            )<br>Jeff Premo, Superintendent )<br>OREGON STATE PENITENTIARY )<br>Max Williams, Director OREGON )<br>DEPARTMENT OF CORRECTIONS )<br>            )<br>        Respondents.  ) | Civil No. 11-1311-PK<br><br><br><br><br>ORDER DENYING MOTION<br>FOR PRELIMINARY INJUNCTION/<br>TEMPORARY RESTRAINING ORDER |

BROWN, District Judge.

In an Order [8] dated December 19, 2011, the Court dismissed this habeas action on the basis it found petitioner's allegations to be wholly unbelievable. Thereafter, on December 21, 2011, petitioner filed a Motion [10] for Preliminary Injunction/Temporary Restraining Order seeking an Order of Protection from this Court

1 - ORDER DENYING MOTION FOR PRELIMINARY
    INJUNCTION/TEMPORARY RESTRAINING ORDER

and an Order releasing him from custody until respondents respond to his habeas petition.

Among other things, petitioner alleges in his Motion that respondents are interfering with his rights to meaningfully access the courts, to exercise his religion, and to communicate with his family, associates and legal counsel. In addition, he asserts respondents are denying him adequate medical care and retaliating against him for filing this action. Moreover, in an accompanying letter, petitioner advises the Court that since he has asserted he is being held without a warrant to confine and without having been indicted or arraigned as a criminal defendant, he has received threats. He states a corrections officer told him "that he could kill [petitioner] and get away with it." In the same letter, petitioner asserts "there is an imminent threat on [his] life and well being, further there is irreparable damages and injury being suffered."

To obtain preliminary injunctive relief in the Ninth Circuit, a party must meet one of two alternative tests. Under the "traditional" standard, preliminary relief may be granted if the court finds: (1) the moving party will suffer irreparable injury if the preliminary relief is not granted; (2) the moving party has a likelihood of success on the merits; (3) the balance of potential harm favors the moving party; and 4) the advancement of the public

interest favors granting injunctive relief. Burlington N.R.R. v. Department of Revenue, 934 F.2d 1064, 1084 (9th Cir. 1991).

Under the alternative test, the moving party may meet the burden by showing either (1) probable success on the merits and the possibility of irreparable injury, or (2) that serious questions are raised and the balance of hardships tips sharply in the moving party's favor. Id.; Associated Gen. Contractors of Cal., Inc. v. Coalition for Economic Equity, 950 F.2d 1401, 1410 (9th Cir. 1991), cert. denied, 503 U.S. 985 (1992). "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." Prudential Real Estate Affiliates v. PPR Realty, Inc., 204 F.3d 867, 874 (9th Cir. 2000).

Given the Court has already dismissed this action, petitioner cannot demonstrate a likelihood of success on the merits and his request for injunctive relief must be denied. See Winter v. Natural Res. Def. Council, Inc, 129 S.Ct. 365, 374 (2008)(plaintiff seeking preliminary injunction must demonstrate that he is likely to succeed on the merits); Marlyn Nutraceuticals, Inc. v. Mucas Pharma GmbH & Co., 571 F.3d 873, 879 (9th Cir. 2009)(mandatory injunction, which goes beyond maintaining the status quo, is particularly disfavored).

> Should petitioner wish to challenge the conditions of his confinement, he must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983. The Clerk of

Court is directed to send the appropriate form complaint to petitioner.

## CONCLUSION

Based on the foregoing, plaintiff's Motion [10] for Preliminary Injunction/Temporary Restraining Order is DENIED. In addition, his Motion [11] for Default Judgment is DENIED as moot.

IT IS SO ORDERED.

DATED this 9th day of January, 2012.

_____
Anna J. Brown
United States District Judge

4 - ORDER DENYING MOTION FOR PRELIMINARY
INJUNCTION/TEMPORARY RESTRAINING ORDER